In addition, in *People v Burger (supra),* the Court of Appeals decided that New York City Charter § 436 in no way resembled an administrative or regulatory scheme since it contains no record-keeping requirements.

In the instant case, the trial court found defendant not guilty on 2 of the 25 criminal counts. Evidence for all the counts came to light as a result of the unconstitutional search described above. Accordingly, we are required to dismiss the remaining charges. As to the six violations and the resultant fines, because the Court of Appeals found unconstitutional only those parts of section 415-a that permit warrantless searches, the police were lawfully on the premises and could ask the questions and make the inspections which led to defendant's fines. *(See, People v Burger, supra.)* Therefore, we let stand the fines meted out for violation of bookkeeping and licensing laws. We note the defendant spent two years in jail awaiting appeal. Concur—Murphy, P. J., Kupferman, Ross, Carro and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN ORNES, Appellant

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Murphy, P. J., Sullivan, Asch and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL BORRERO, Appellant

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Murphy, P. J., Sullivan, Asch and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BROWN, Appellant

Application by appellant's counsel to withdraw as counsel is

granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Murphy, P. J., Sullivan, Asch and Wallach, JJ.

■ EUROPEAN AMERICAN BANK, Respondent, v CHEE-HWA TUNG et al., Appellants

No opinion. Concur—Fein, J. P., Milonas, Kassal, Ellerin and Wallach, JJ.

■ In the Matter of GEORGE EVANGELISTA, Respondent. NEW YORK CITY CORPORATION COUNSEL, Appellant

No opinion. Concur—Sandler, J. P., Sullivan, Carro, Rosenberger and Wallach, JJ.

■ In the Matter of WILLIAM ORTIZ, Respondent. NEW YORK CITY CORPORATION COUNSEL, Appellant

No opinion. Concur—Sandler, J. P., Sullivan, Carro, Rosenberger and Wallach, JJ. ·

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL COAXUM, Also Known as ANGEL COLON, Appellant.—

Application by appellant's counsel to withdraw as counsel is granted. *(See, Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Sandler, J. P., Sullivan, Carro, Rosenberger and Wallach, JJ.

■ EDWARD I. ELICOFON, Respondent, v BETH ISRAEL MEDICAL CENTER et al., Appellants.